UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIE SCOTT, III,

                      Plaintiff,

          v.                            7:06-CV-481
                                                (FJS/DRH)
COMMISSIONER OF SOCIAL
SECURITY,

                      Defendant.
_____

APPEARANCES                                  OF COUNSEL

**CONBOY, MCKAY, BACHMAN**          **LAWRENCE D. HASSELER, ESQ.**
**& KENDALL, LLP**
307 State Street
Carthage, New York 13619
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**   **MICHELLE L. CHRIST, SAUSA**
**OFFICE OF REGIONAL GENERAL**       **STEPHEN P. CONTE, SAUSA**
**COUNSEL, REGION II**                     **MARLA PIAZZA SIEGEL, SAUSA**
26 Federal Plaza - Room 3904
New York, New York 10278
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On March 31, 2008, Magistrate Judge Homer recommended that this Court grant Defendant's cross-motion and affirm the Commissioner's decision to deny disability benefits and deny Plaintiff's motion for a finding of disability. *See* Dkt. No. 12 at 29. Currently before the

Court are Plaintiff's objections to Magistrate Judge Homer's Report-Recommendation and Order on the following grounds: (1) Magistrate Judge Homer erred in concurring with the Administrative Law Judge's ("ALJ") finding that Plaintiff's gout and carpal tunnel syndrome were not severe; and (2) Magistrate Judge Homer erred in concluding that, despite the ALJ's error in applying the incorrect legal standard to determine whether Plaintiff's learning disability and intellectual functioning constituted a severe impairment, the error did not vitiate the ALJ's ultimate determination. *See* Dkt. No. 13.

## II.  DISCUSSION

### A.  Standard of Review

In reviewing the Commissioner's final decision, a court reviews that decision to determine whether the ALJ applied the correct legal standards and whether substantial evidence supports the decision. *See Charlton v. Comm'r of Soc. Sec.*, No. 08-CV-142, 2009 WL 838118, *2 (N.D.N.Y. Mar. 26, 2009) (citation omitted). Substantial evidence means relevant evidence a reasonable mind might find sufficient to support a conclusion. *See id.* (quotation omitted). "'In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision.'" *Id.* (quoting *Barringer v. Comm'r of Soc. Sec.*, 358 F. Supp. 2d 67, 72 (N.D.N.Y. 2005)).

Where a party makes specific objections to a magistrate judge's report, district courts engage in *de novo* review of the issues raised in the objections. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). "'If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and

Recommendation only for clear error.'" *Id*. at 306 (quoting *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (footnote omitted).

### B.     The severity of Plaintiff's impairments

Magistrate Judge Homer noted that the ALJ found that Plaintiff's transient gout attacks did not qualify as a severe impairment that would preclude basic work activities.  Magistrate Judge Homer found that the medical record supported this finding because in 2001 and 2002 Plaintiff continued to work despite his gout.  He further found that the medical records showed that Plaintiff's gout was managed with diet and medication.  Accordingly, he found that substantial evidence supported the ALJ's decision.

Magistrate Judge Homer also noted that, although Plaintiff was diagnosed with carpal tunnel syndrome and given wrist braces, Plaintiff never performed further diagnostic testing and, accordingly, there was no medical evidence of an impairment of basic work functions.

With respect to Plaintiff's asserted learning disability and intellectual functioning, Magistrate Judge Homer found that the ALJ incorrectly found that Plaintiff's learning disability and borderline intellectual functioning did not constitute a severe impairment because the ALJ (1) improperly used Plaintiff's previous work experience to justify the decision; (2) expressed reasoning not supported by case law; and (3) illogically found that the inability to read would only have a minimal effect on the ability to understand and carry out instructions.  *See* Dkt. No. 12 at 21.  However, Magistrate Judge Homer found that this error did not vitiate the ALJ's ultimate determination, which was supported by substantial evidence.  *See id*. at 21-22.

To support his claim that his gout meets Step Two's severity standard, Plaintiff argues

that this standard exists only to screen out *de minimus* claims and the fact that he had to make nine emergency room trips sufficiently suggests significant limitations.[1]  Plaintiff argues that the diagnosis of carpal tunnel syndrome was also sufficient to pass the severity test.

With respect to his learning disability, Plaintiff argues that the error that Magistrate Judge Homer noted requires remand and that Plaintiff may be able to equal the limitations of Listing 12.05(c).  *See* Dkt. No. 13 at 4-5.

Although Plaintiff couches his arguments regarding his alleged gout, carpal tunnel syndrome, and his learning disability in terms of whether the ALJ erred at Step Two of the disability analysis, the real issue appears to be whether the ALJ properly considered Plaintiff's learning disability and intellectual functioning in his analysis of Steps Three through Five of the disability analysis.

The ALJ found that Plaintiff alleged the following impairments: "difficulty reading, headaches, carpal tunnel syndrome, gout, liver damage, and pain in the left knee and right ankle."  *See* Administrative Record ("AR") at 19.  The ALJ concluded that the first three steps of the five-step process for evaluating disability claims, including Step Two's "severity" analysis, were "not determinative" and concluded that Plaintiff's left ankle injury and disc disease were sufficiently "severe" but that those impairments did not meet any listed impairments.  *See id*.  The ALJ then discussed, among other things, Plaintiff's difficulty reading, his gout, and his carpal tunnel syndrome with respect to residual functional capacity and ability to perform past relevant work or any other substantial gainful activity.  *See id*. at 19-20.  The ALJ then

---

[1] A review of the citation Plaintiff provides in his brief appears to indicate that these nine emergency room trips were for a variety of reasons, including injuries Plaintiff sustained in car accidents, and not just for his gout.

separately analyzed the evidence in support of each impairment and concluded that, "[a]fter consideration of the evidence . . . apart from left ankle pain . . . and disc disease of the cervical/lumbar spine, the claimant does not have any impairment that significantly limits his ability to perform basic, work-related activities." *See id*. at 20.

The Administrative Record makes clear that, although the ALJ looked at each of Plaintiff's claimed infirmities at Step Two, regardless of his findings with respect to each of them individually, he ultimately concluded that, as a whole, Plaintiff had shown a severe impairment within the meaning of Step Two.[2] Accordingly, the Court finds that the ALJ appropriately found that Plaintiff had a severe impairment and moved beyond Step Two.

With respect to Plaintiff's gout and carpal tunnel syndrome, the Court finds that the ALJ properly considered their effect on Plaintiff's residual functional capacity and that substantial evidence supports the ALJ's determination that these alleged limitations did not limit Plaintiff's ability to work.

With respect to Plaintiff's learning disability and intellectual functioning, the Court finds that the error that Magistrate Judge Homer noted constitutes reasonable doubt that the ALJ applied the correct legal standard in evaluating Plaintiff's learning disability and, therefore, requires remand. *See Martone v. Apfel*, 70 F. Supp. 2d 145, 148 (N.D.N.Y. 1999) ("[W]here there is a reasonable basis for doubting whether the Commissioner applied the appropriate legal standards, even if the ultimate decision may be arguabl[y] supported by substantial evidence, the

---

[2] The purpose of Step Two is to screen out *de minimis* claims. *See* Dkt. No. 12 at 17 (citing *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995)). "Where a claimant alleges multiple impairments, a court will consider 'the combined effect of all [] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.'" *Id*. (quoting 20 C.F.R. § 404.1523); *see also Dixon*, 54 F.3d at 1031.

Commissioner's decision may not be affirmed." (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)).

In addition to the issues that Magistrate Judge Homer noted, it does not appear that the ALJ considered whether Plaintiff's learning disability could meet a listed impairment.[3] Further, it is not clear whether the ALJ's references to Plaintiff's ability to read are based on Plaintiff's submitted evidence of a learning disability or merely based on Plaintiff's statements regarding his reading ability. Finally, it is unclear whether the ALJ properly considered Plaintiff's learning disability in his analysis of Steps Three through Five. Accordingly, the Court adopts Magistrate Judge Homer's finding that the ALJ made a legal error when he found that Plaintiff's learning disability and borderline intellectual functioning did not constitute a severe impairment. Furthermore, in light of this error and for the above-stated reasons, the Court finds that remand is warranted.

### III.  CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Homer's March 31, 2008 Report-Recommendation and Order is **ADOPTED** as **MODIFIED** by this Memorandum-Decision and Order**;** and the Court further

---

[3] The ALJ addressed step two (severity) and step three (listed impairments) together as follows: "The claimant has left ankle pain . . . and disc disease . . . which are 'severe' . . . . Though 'severe', they do not meet or medically equal the requirements of any impairment . . . ." *See* AR at 19. Accordingly, it does not appear that the ALJ considered whether any impairments beyond the ankle and disc disease meet a listed impairment.

**ORDERS** that, for the above-state reasons, this matter is **REMANDED** to the Agency, pursuant to sentence four of 42 U.S.C. § 405(g), for a hearing to reconsider Plaintiff's disability consistent with this Memorandum-Decision and Order; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment and close this case.

**IT IS SO ORDERED.**

Dated: June 1, 2009
        Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge